Argued June 15, affirmed September 10, 1970

McMANUS, *Respondent, v.* STATE ACCIDENT
INSURANCE FUND, *Appellant.*

474 P2d 31

*Quintin B. Estell,* Assistant Attorney General, Sa-
lem, argued the cause for appellant. With him on the

briefs were Lee Johnson, Attorney General, and Wallace Carpenter, Assistant Attorney General, Salem.

*Nels Peterson*, Portland, argued the cause for respondent. With him on the brief were Peterson, Chaivoe & Peterson, Portland.

Before SCHWAB, Chief Judge, and LANGTRY and FOLEY, Judges.

LANGTRY, J.

This is an appeal by the State Accident Insurance Fund (hereinafter referred to as the Fund) from judgment of the circuit court which awarded 50 per cent loss of claimant's left leg. The hearing officer and Workmen's Compensation Board (hereinafter referred to as the Board) each had allowed 15 per cent.

Claimant's left knee was injured in an on-the-job accident on September 9, 1967. He immediately saw a physician who prescribed rest, and when there was no improvement, referred him to an orthopedic surgeon. The latter aspirated the knee joint several times, removing fluid and injecting medication. On November 6, 1967, he operated, making three two-to-three inch incisions around the knee joint. Claimant fell twice during the recovery period, and, having aggravated the injury each time, continued to have trouble with the knee. The Fund agrees that the injury, with the subsequent aggravations, is covered by workmen's compensation. Claimant testified that after the operation the knee joint was aspirated 16 times.

Claimant returned to work in March 1968. He testified that in his work as a house cleaner he is inconvenienced in climbing stairs and ladders, in kneel-

ing, and in being on his knees. He said that pain prevents him from lifting his weight with the left leg or kneeling on the left knee. He is unable to advance his left leg in climbing stairs and ladders, so that he must half-step, always leading with his right leg. After a day's work he limps noticeably. This evidence is uncontroverted.

The orthopedist's reports were received in evidence, but they make no mention of claimant's residual disability. The Fund's attorney offered a report of its examining physician, Dr. Puziss. When claimant's counsel said he wanted to cross-examine, the Fund's attorney withdrew the offer. Therefore, the only evidence in the record of extent of disability is the claimant's own testimony, corroborated by the testimony of his employer, who testified that claimant does his work satisfactorily, but that the difficulties of movement claimant testified to are quite apparent.

■ When the Board reviewed, it went outside the record and considered Dr. Puziss' report, a copy of which is attached to its opinion. This was error, for ORS 656.295 (3) and (5) limit the Board to the record. If it desired more evidence it should have remanded to the hearing officer under ORS 656.295 (5). When the appeal was heard by the circuit judge he refused to consider Dr. Puziss' report, and, on the record, found there is gross instability of the knee. The Fund assigns this as error, and asserts that medical evidence was necessary.

If the Fund had desired more medical evidence it could have produced it, subject only to claimant's right of cross-examination. It did submit and the record contains three medical reports from the orthopedist, which, albeit, were incomplete.

The injury was uncomplicated in that disability stemming from the on-the-job accident was apparent.

"* * * Plaintiff was, of course, a competent witness as to the pain he suffered and his impaired ability to perform physical labor: *Wilson v. SIAC*, 162 Or 588, 599, 94 P2d 129 * * *." *Uris v. Compensation Department*, 247 Or 420, 427, 427 P2d 753, 430 P2d 861 (1967).

■ *Uris* holds that from this evidence the factfinder may infer the physical condition resulting from the accident. We find nothing in *McKay v. State Ind. Acc. Com.*, 161 Or 191, 87 P2d 202 (1939), cited by the Fund, inconsistent with *Uris*.

■ Our procedural considerations simply are whether we should remand to the hearing officer to take more medical evidence or act on the record we have. After considering the arguments made by the Fund under its first assignment of error, and the fact that the Fund has never sought to have the case remanded to supplement the medical record, we conclude that we have an adequate record. The trial court must exercise its independent judgment based on the record. *Hannan v. Good Samaritan Hosp.*, 4 Or App 178, 471 P2d 831 (1971), Sup Ct *review denied,* 91 Adv Sh 903, — Or —, 476 P2d 931 (1971), and *Ryf v. Hoffman Construction Co.*, 254 Or 624, 628, 459 P2d 991 (1969).

The record demonstrates a greater disability than the 15 per cent loss of the left leg found by the hearing officer and the Board. The question is close, but application of the preponderance-of-the-evidence rule leads us to the same conclusion reached by the trial judge.

■ The Fund assigns as error the allowance by the circuit judge of a $10 prevailing party fee, and

cites rulings of the Multnomah and Clatsop County circuit courts in support thereof. In *Cunningham v. Compensation Dept.*, 1 Or App 127, 459 P2d 892 (1969), we ruled that statutory costs are recoverable in circuit court reviews of workmen's compensation cases.

ORS 20.010 provides:

"* * * [T]here may be allowed to the prevailing party * * * certain sums by way of indemnity for his attorney fees * * * which * * * are termed costs."

ORS 20.070 provides that such allowance is $10 in circuit court, after trial. The specific language of ORS 20.010 quoted above indicates that this sum, although a nominal indemnity for an attorney fee, is a cost which is allowable as such under *Cunningham v. Compensation Dept.*, supra.

Affirmed.