Argued February 21, affirmed in part; reversed in part
March 17, 1975

FRANCOEUR, *Appellant, v.* STATE ACCIDENT
INSURANCE FUND (No. 40589), *Respondent.*

532 P2d 1148

*William A. Babcock,* Springfield, argued the cause for appellant. With him on the brief were Babcock, Ackerman & Hanlon, Springfield.

*Janet Metcalf,* Assistant Attorney General, Salem, argued the cause for respondent. With her on the brief were Lee Johnson, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

Before LANGTRY, Presiding Judge, and FOLEY and THORNTON, Judges.

FOLEY, J.

This is an appeal by claimant involving the alleged failure of the State Accident Insurance Fund

(Fund) to comply in certain respects with an amended opinion and order of a hearings referee, which this court affirmed as modified in *Francoeur v. SAIF*, 17 Or App 37, 520 P2d 477, Sup Ct *review denied* (1974).

In the present proceedings the referee found that the Fund had failed to make certain payments required by the previous order and that the Fund had unreasonably delayed or resisted or refused payment for several items, on which a penalty of 25 percent was imposed pursuant to ORS 656.262(8). The referee ordered payment of these items, specifically including an order that Bankers Life Insurance Company, through Benefit Plan Administrators (BPA), should be reimbursed for payments it had made regarding certain of claimant's medical expenses.

Claimant sought review by the Workmen's Compensation Board (Board) which affirmed the referee's order. Claimant next appealed to the circuit court, which affirmed the order of the referee except that it reversed the portion of the order directing reimbursement to BPA and modified certain penalty assessments. This appeal followed.

■ Claimant first assigns as error the order of the circuit court reversing that portion of the referee's order directing that BPA be reimbursed for payments made on behalf of claimant. Claimant contends the circuit court had no right to reverse that portion of the order because the Fund had filed no cross-appeal relating thereto; the issue was first raised by the Fund during oral argument before the circuit court. However, several of the items under circuit court review pursuant to claimant's appeal involved the issue

of payments to BPA. The circuit court's review is de novo upon the record, ORS 656.298(6), and the circuit court acted appropriately in reaching the issue whether an order could be issued directing payments to BPA.

■ We do not agree, however, with the circuit court's conclusion that the order could not properly direct payments to BPA. ORS 656.245(1) provides:

"For every compensable injury, the direct responsibility employer or the State Accident Insurance Fund *shall cause to be provided medical services for conditions resulting from the injury* for such period as the nature of the injury or the process of the recovery requires, including such medical services as may be required after a determination of permanent disability. * * *" (Emphasis supplied.)

The order of the referee in the former case, which now is final, provided that the Fund reimburse BPA for payments made by BPA for medical services provided to claimant. The Fund here "emphasized that [it] is not seeking to collaterally attack the [former] Opinion and Order * * *." Nor has the Fund asserted that the reimbursements ordered do not constitute compensation for medical services for a compensable injury; the Fund merely asserts that it is waiting for BPA to communicate a demand for payment to the Fund and that until such a demand is made an order should not properly issue. The Fund further asserts that claimant "does not represent BPA." However, the record establishes that, in making payments for medical services required under ORS 656.245(1), the Fund makes payments to doctors and medical institutions in addition to reimbursing claimants for payments they have made.

In the present case where the former order directed that the Fund pay for certain medical services which have been paid for by another party on behalf of claimant, and where the compensable character and the amount of those payments have been established, we find that it is appropriate for the referee to order that the other party, in this case, BPA, be reimbursed on behalf of the claimant. Such a procedure fulfills the purposes of ORS 656.245(1), and, in addition, makes more efficient use of judicial resources. There may be instances where separate proceedings may be necessary, but in a situation such as the one before us no purpose would be served by differentiating, in an order, among payments directly to doctors, reimbursements to a medical coverage plan such as BPA, and reimbursement to a claimant. We therefore reverse the circuit court in this regard.

■ Claimant next assigns as error the failure of the circuit court to order the payment of certain additional items of medical expense not ordered paid by the referee or Board. We note at the outset that claimant has failed to make reference to *specific* testimony or exhibits substantiating these claims. Nevertheless, we have searched the record as part of our review of these matters. Specifically, claimant contends:

(1) That $74 should have been paid to Marquam Medical Clinic for the services of a Dr. Brodeur from March 13, 1970 to July 2, 1971. We find no evidence in the record to support such a claim, other than an exhibit which was merely a listing of claimant's version of the amounts due, and which was not admitted by the Fund. Claimant has failed to sustain his burden of proving the amount due.

(2) That payment, in the amount of $72.50, for the services of a Dr. Verberkmoes, has been made by BPA and should be reimbursed. The former order had directed that the Fund "pay for the post October 29, 1968 Dr. J. G. Verberkmoes services." The record in the present case indicates that the *current balance due* — $7.50 — may have been mistaken as being the amount payable (apparently because the last bill indicates only that amount due). However, the evidence in the record further indicates that claimant was charged a total of $62.50 (not $72.50, as claimant contended) by Dr. Verberkmoes between October 1968 (the day is unreadable) and May 23, 1969. The evidence also indicates that $55 of the $62.50 may have been *approved* for payment by BPA and that the $55 was in fact paid, but there is no indication, other than claimant's assertion, as to whether BPA or some other party paid the bill. In summary, $7.50 is currently due for the services of Dr. Verberkmoes, but claimant makes no claim for this item, and $55 was paid on behalf of claimant for post-October 29 services, but no showing has been made as to who paid that amount. The circuit court did not err in refusing to order reimbursement where claimant has failed to make such a showing.[1]

(3) That payment should have been ordered for $194.50 paid by claimant and BPA for other services of Dr. Brodeur (Marquam Clinic). Claimant alleges that $115.50 ordered paid by the referee covered only a balance due which was unpaid by either claimant or BPA. Although the referee took "official notice"

------

[1] We do not decide that BPA is precluded from making such a showing and receiving reimbursement from the Fund. We merely hold that a sufficient showing has not been made by claimant.

of the entire file in the former case, that file was not entered into evidence and is not part of the record forwarded to this court. The evidence only supports the referee's finding of $115.50 due.

(4) That reimbursement should have been ordered regarding $467.25 paid by BPA for drugs and medicines. The only evidence regarding this issue in the present record is testimony which establishes that BPA made payments for drugs and medicines and they have not been reimbursed. Other than claimant's own listing of the alleged amounts paid (which amounts were not admitted by the Fund), there is no evidence showing how much was paid or whether the drugs and medicines were for compensable aspects of claimant's medical condition. (Claimant had noncompensable disabilities. *See* our former opinion in *Francoeur v. SAIF,* supra.) Claimant failed to meet his burden of proof in this regard (*see* n 1).

■ Claimant's third assignment of error is that penalties of 25 percent should have been assessed upon the additional compensation which was unpaid and due to claimant as well as BPA at the time of the hearing. The hearings referee assessed a 25 percent penalty upon the Fund regarding certain monies due to claimant; the circuit court added a penalty of $28.88 for the $115.50 not paid to Dr. Brodeur (Marquam Clinic). In sum, penalties of 25 percent were assessed by the circuit court upon payments due claimant and Dr. Brodeur but unreasonably delayed, but no penalties were assessed upon reimbursements due BPA.

ORS 656.262(8) provides:

"If the fund or direct responsibility employer or its insurer unreasonably delays or unreasonably

refuses to pay compensation, or unreasonably delays acceptance or denial of a claim, the fund or direct responsibility employer shall be liable for an additional amount *up to* 25 percent of the amounts then due plus any attorney fees which may be assessed under ORS 656.382." (Emphasis supplied.)

The referee and circuit court were thus not obliged to assess a penalty on all unpaid items. This is a complex case, and the Fund's failure to make payments was unreasonable only in certain of the circumstances. We agree with the assessment of penalties as modified by the circuit court.

■ Claimant finally assigns as error the failure of the circuit court to order payment by the Fund of additional attorney fees for the proceedings before the Board and circuit court pursuant to ORS 656.262(8) and 656.382(1).[2]

Claimant received $600 in attorney fees for the proceedings before the referee. We agree with the circuit court that it was not error to refuse to award attorney fees for proceedings before the Board and circuit court where, as here, only part of failure to make payments was found unreasonable pursuant to ORS 656.262(8) and the unreasonableness of the delay was found to be mitigated by the decision of the referee.

---

[2] ORS 656.382(1) provides:

"If a direct responsibility employer or the State Accident Insurance Fund refuses to pay compensation due under an order of a referee, board or court, or otherwise unreasonably resists the payment of compensation, the employer or fund shall pay to the claimant or his attorney a reasonable attorney's fee as provided in subsection (2) of this section. To the extent a contributing employer has caused the fund to be charged such fees, such employer may be charged with those fees."

The order of the circuit court is reversed to the extent it reversed the referee and Board orders regarding reimbursement of BPA; in all other respects the circuit court order is affirmed.

Affirmed in part; reversed in part.