Argued and submitted August 20, affirmed
November 26, 1979, reconsideration denied January 3,
petition for review denied January 22, 1980 (288 Or 493)

# NEELY,
*Petitioner,*

*v.*

# STATE ACCIDENT INSURANCE FUND,
*Respondent.*

## (No. 77-7056, CA 14202)

602 P2d 1101

Allan H. Coons, Eugene, argued the cause for peti-
tioner. On the brief was Samuel A. Hall, Jr., Eugene.

Darrell E. Bewley, Associate Counsel, State Accident Insurance Fund, Salem, argued the cause for respondent. With him on the brief were K. R. Maloney, Chief Counsel, and James A. Blevins, Chief Trial Counsel, State Accident Insurance Fund, Salem.

Before Schwab, Chief Judge, and Lee and Richardson, Judges.

RICHARDSON, J.

**RICHARDSON, J.**

In this workers compensation case, claimant seeks reversal of an order by the Workers' Compensation Board which denied his claim on the ground that claimant's present condition was not the result of his work related injury.

On January 2, 1968, when he was 21 years old, claimant suffered a back injury while working as a logger. He received no permanent disability award and he did not appeal that Determination Order. In 1970 he had a back strain with considerable functional overlay and in 1971 he reinjured his back in a surfing accident.

In January of 1976, while working as a truck driver, claimant suffered a hernia injury and underwent surgical repair. He was awarded temporary total disability through February 25, 1976. Claimant returned to work and on March 30, 1976, suffered an abdominal injury while putting a tarp on the trailer of his truck. The disability arising from this abdominal injury is the subject of this appeal. Claimant returned to work briefly in June of 1976, but has not worked since.

By a Determination Order of November 1977, claimant was awarded temporary total disability benefits through September 30, 1977,[1] and permanent partial disability for 35 percent unscheduled disability resulting from injury to [his] low back." In December of 1977, a further Determination Order was issued granting temporary total disibility through December of 1977, and affirming the award of 35 percent permanent partial disability. Again the award was grounded on the claimant's back condition. Claimant requested a hearing alleging the award was insufficient and the referee affirmed the December Determination Order. He noted, however, that the award was for a low back injury coupled with functional overlay, but that claim-

---

[1] The mere payment of compensation is not to be considered an acceptance of the claim. ORS 656.262(7).

ant's injury for which he sought compensation was to his abdomen. There was a curious lack of evidence relating the claimant's condition resulting from his abdominal injury. There was no indication from the medical reports that claimant injured his back in the March, 1976, accident. The referee stated: "Accordingly, it is confusing as to why an award has been made for unscheduled back disability, as a result of the March, 1976, incident." He further stated:

> "As indicated earlier, it would be impossible to totally summarize all of the medical reports and opinions. In reading them through carefully, however, numerous times, one is struck by the overwhelming impression, by all of the examiners, both medical and psychological, that this young man has voluntarily elected to retire, and will not rest until he is declared to be permanently and totally disabled.

> "If the claimant has a back condition, and apparently it is a mild condition if it exists at all, it results from the January 2, 1968 accident, and at best, was only temporarily exacerbated by the incident on March 30, 1976 when claimant reported upper right abdomen pain, from lifting tarps (Ex. 1). I feel the Determination Order erred in making an award for low back disablity, in December 1977 (Ex. 37). There is no medical basis to make a finding of low back disability, as a result of this accepted accident.

> "In any event, there is certainly no evidence to indicate that claimant is permanently and totally disabled as a result of this accident. His present complaints, be they physical and/or psychological, dated back to at least 1970, six years prior to this incident (Ex. 45)."

However, he affirmed the Determination Order.

Claimant requested review before the Board. In his brief he stated: "The issue is the extent of the claimant's disability. This is an accepted low back injury claim." SAIF, in its brief to the Board, stated: "The referee's Opinion and Order in this case should be affirmed and the Fund, although it did not appeal the Determination Order in this case, cannot comprehend

s did the referee as to why any permanent disability ward was made in this case." The Board reversed the etermination Order, by finding that there was no vidence relating the March 1976 abdominal injury to aimant's back problems and accompanying function-l overlay.

Claimant appeals alleging that in denying the accepted claim the Board denied him a fair hearing ecause he prepared only on the issue of the size of the ward. He claims that if the Board makes a finding on ausation he is entitled to present evidence on that sue.

Although the Workers' Compensation Act establishes a means for a party to petition the Board for oss-review, ORS 656.289(3), we have held that a arty need not cross-petition and that the reviewing dy may reach the issue on its de novo review. *Franeur v. SAIF,* 20 Or App 604, 607, 532 P2d 1148 975). The Board's review is de novo. *Robertson v. AIF,* 17 Or App 280, 281, 521 P2d 1088 (1974). The oard may reverse or modify the order of the referee make such disposition of the case as it determines to e appropriate. ORS 656.295(6).

Fundamental fairness may dictate that the Board ould not decide a claim on the basis of evidence not the record, *McManus v. State Acc. Ins. Fund,* 3 Or pp 373, 375, 474 P2d 31 (1970), or on issues to which evidence was presented. Such would be the case, for ample, where the claimant sought review of an legedly inadequate award, but the Board reversed nding that the claim was not compensable under the t because it did not arise out of claimant's employ-ent. ORS 656.005(8). If claimant had been given no portunity to present evidence on that issue in the aring below, the proper procedure would be for the oard to remand the case to the referee, ORS 6.295(5), for the taking of evidence on that issue.

That is not the case here. There was no need to mand the claim to the referee because all the evi-

[323]

dence was in the record. Claimant has submitted his medical report and it is from these reports that the Board concludes that his present condition is not related to his abdominal injury. What claimant has lost sight of is that his own medical evidence fails to relate his present condition to the abdominal injury. It is the abdominal injury which was the subject of his injury report. Any right he had to claim aggravation of his 1968 back injury had long since expired. He cannot bootstrap compensation for his back injury with his abdominal injury in the absence of proof of a relationship. Claimant was not denied fundamental fairness because his medical reports would have said the same thing regardless of whether they were introduced to challenge the sufficiency of an award or rebut the denial of benefits grounded on the lack of a relationship between the compensable injury and his present condition.

The Board's de novo review is on the basis of the record submitted to it. ORS 656.295(5). We arrive at the same conclusion as did the Board.

Affirmed.