27

Argued and submitted November 24, 1980, affirmed in part;
reversed in part January 5, 1981

In the Matter of the Compensation of
William T. Russell, Jr., Claimant.
RUSSELL,
*Petitioner,*

*v.*

A & D TERMINALS, et al,
*Respondents.*

(No. 78-8173, CA 17737)

621 P2d 1221

Robert K. Udziela, Portland, argued the cause for petitioner. With him on the brief was Pozzi, Wilson, Atchison, Kahn & O'Leary, Portland.

Margaret H. Leek Lieberan, Portland, argued the cause for respondents. On the brief were George W. Goodman and Lang, Klein, Wolf, Smith, Griffith & Hallmark, Portland.

Before Richardson, Presiding Judge, and Thornton and Buttler, Judges.

BUTTLER, J.

## BUTTLER, J.

In this workers' compensation case, claimant seeks reversal of an order by the Workers' Compensation Board (Board), which (1) denied his motion to remand certain issues to the referee for the taking of further evidence, and (2) reversed the referee's award of five percent unscheduled permanent partial disability. We affirm in part and reverse in part.

Claimant, a 30-year-old warehouseman, suffered a compensable injury to his back and neck on March 22, 1977. By Determination Order dated September 26, 1978, claimant was awarded temporary total disability for the period from March 22, 1977, through August 31, 1978, less time worked. In requesting a hearing, claimant set forth three issues to be determined.[1] However, at the commencement of the hearing, claimant's counsel withdrew two of those issues, and the hearing was limited to the issue of "the nature and extent of claimant's permanent partial disability."

Claimant was the only witness to testify in person at the hearing. He said he still had back pain, takes hot baths, exercises, wears a back brace and takes medication periodically. In addition, he testified that for the two months prior to the hearing he had been back to work full time but in a position which required less heavy lifting than did his former job. The referee awarded claimant five percent unscheduled permanent partial disability.

Claimant, through new counsel, contends that he first became "fully aware" that the issue of temporary total disability was not presented to the referee for a decision when he received the referee's Opinion and Order. He filed a motion with the referee to reconvene the hearing on the issue of his temporary total disability, contending that he and his previous attorney had a misunderstanding, and that he had not intended to waive the issue of additional time loss.

---

[1] "1. The nature and extent of claimant's permanent partial disability; and

"2. Whether the claimant's injury has become stationary; and

"3. Whether the claimant's claim should be reopened for further time loss compensation and medical treatment."

The referee denied the motion. Claimant then sought Board review on the extent of disability awarded by the referee and requested that the Board remand to the referee for the taking of further evidence on the issue of temporary total disability. The Board denied the motion and also reversed the referee's award of unscheduled permanent partial disability even though the insurer had contended before the Board that the referee's award should be affirmed.

■　　In this court claimant contends that the Board erred in denying his motion to remand on the issue of time loss. The Board's authority is set forth in ORS 656.295(5), which provides:

"The review by the board shall be based upon the record submitted to it under subsection (3) of this section and such oral or written argument as it may receive. However, if the board determines that a case has been improperly, incompletely or otherwise insufficiently developed or heard by the referee, it may remand the case to the referee for further evidence taking, correction or other necessary action."

Here, the referee heard fully the issue claimant sought to be heard; accordingly, it cannot be said that the case was "improperly, incompletely or otherwise insufficiently developed or heard by the referee * * *." The Board did not abuse its discretion in refusing to remand to take evidence on issues withdrawn by claimant.

■　　Although our review is *de novo,* ORS 656.298, and we have independent power to remand the case to the referee, ORS 656.298(6), we will not exercise that power unless "good cause" or some other compelling reason is shown. *Buster v. Chase Bag Co.,* 14 Or App 323, 329, 513 P2d 504 (1973). Negligence by a claimant's attorney is not "good cause" or excusable neglect unless the actions of the attorney would be excusable had they been attributed to the claimant. *Sekermestrovich v. SAIF,* 280 Or 723, 726, 573 P2d 275 (1977). If we were to order remand here, we would be sanctioning a "two bite" procedure where claimant's attorney, for what appear to be tactical reasons, decides to limit the hearing to the issue of extent of permanent disability, and if not as successful as hoped in that effort, to reopen the hearing on the issues of whether

claimant's medical condition is stationary and whether claimant is entitled to additional time loss benefits and medical treatment. Even conceding that workers' compensation proceedings have, and properly have, more flexibility than ordinary civil litigation, they must reach some stage of repose. That appears to be the case here. Finding no compelling reason to remand, we decline to do so.

■ Claimant next contends that the Board erred in reversing *sua sponte* the referee's award of unscheduled permanent partial disability, particularly in light of the employer's contention in its brief to the Board that the referee's award should be affirmed. The Board's review is *de novo* and it may reverse or modify the order of the referee, or make such disposition of the case as it determines to be appropriate. ORS 656.295(6), *Neely v. SAIF,* 43 Or App 319, 323, 602 P2d 1101, *rev den* 288 Or 493 (1979). The employer need not cross-petition to raise the propriety of the referee's award. *Neely v. SAIF, supra; Francoeur v. SAIF,* 20 Or App 604, 532 P2d 1148 (1975).

■ Notwithstanding the Board's authority, we conclude on our *de novo* review, that claimant suffers some, albeit slight, loss of earning capacity as a result of his compensable injury, and is, therefore, entitled to a modest award for his permanent unscheduled disability. *Ford v. SAIF,* 7 Or App 549, 552, 492 P2d 491 (1972). Medical testimony at the hearing provided by the employer's doctor was that claimant was "medically stationary with chronic pain equal to 5% loss and total permanent impairment of the whole body." Although we are not bound by the doctor's judgment as to the exact extent of permanent disability, we conclude that the record as a whole supports that judgment in this case. Claimant is still in pain and must limit his weight lifting functions, and we cannot say that claimant has lost no earning capacity in the broad field of general industrial occupations. The referee's award is reinstated.

Affirmed in part; reversed in part.