Argued and submitted October 30, 1981, reversed;
referee's order reinstated March 22, 1982

In the Matter of the Compensation of
Kathy Larsen, Claimant.

LARSEN,
*Petitioner,*

*v.*

TAYLOR & COMPANY et al,
*Respondents.*

(No. 80-00797, CA A20709)

642 P2d 317

Alice Goldstein, Portland, argued the cause for petitioner. With her on the brief was Welch, Bruun and Green, Portland.

Emil R. Berg, Portland, argued the cause for respondents. On the brief were Daryll E. Klein, and Wolf, Griffith, Bittner, Abbott & Roberts, Portland.

Before Joseph, Chief Judge, and Warden and Warren, Judges.

JOSEPH, C. J.

**JOSEPH, C. J.**

Claimant appeals from an order of the Workers' Compensation Board reversing the referee's award of temporary disability compensation, a 25 percent penalty and attorney fees. We reverse.

Claimant suffered a compensable injury to her shoulder on May 7, 1979, and her claim was accepted. On January 21, 1980, the direct responsibility employer unilaterally suspended temporary disability payments. A determination order was issued on April 22, 1980, which awarded temporary total disability compensation from May 9, 1979, through September 30, 1979, less time worked. At the hearing on that order pursuant to defendant's request, the referee found claimant was entitled to temporary total disability compensation from February 5 to February 25, 1980, and to temporary partial disability compensation from February 26 to March 5, 1980. He also awarded her a 25 percent penalty, for the insurer's unreasonable refusal to pay those additional amounts, and attorney fees. ORS 656.262(9). The employer appealed only the penalty and attorney fees to the Board.

The Board modified the referee's order by denying compensation for the period February 5 through March 6, 1980, and the penalty and attorney fees.[1]

■ ■ Temporary disability benefits may properly be terminated only if the claimant is medically stationary. ORS 656.268(1). On our *de novo* review of the record, we conclude that claimant was not medically stationary at the time of the employer's suspension of benefits, and it was unreasonable to suspend those benefits when a determination order on the matter had not yet been issued. ORS 262.268(2), (3)

The order of the Board is reversed, and the referee's order is reinstated.

---

[1] It is clear that the Board can reach issues not raised by the parties. *Russell v. A & D Terminals,* 50 Or App 27, 31, 621 P2d 1221 (1981); *Neely v. SAIF,* 43 Or App 319, 323-24, 602 P2d 1101 (1979), *rev den* 288 Or 493 (1980). It was appropriate for the Board to consider the question of claimant's entitlement to time loss compensation when only the issue of the employer's unreasonable conduct was raised. The two inquiries are related, for in determining the reasonableness of the employer's refusal to pay compensation the Board necessarily looked at the evidence of compensability.