In the Matter of the Compensation of
John K. Eder, Deceased, for the Benefit of
Jane Eder, Claimant.

## EDER,
*Petitioner,*

*v.*

## PILCHER CONSTRUCTION et al,
*Respondents.*

(WCB 85-09171; CA A42239)

749 P2d 607

Robert K. Udziela, Portland, argued the cause for petitioner. With him on the brief were Jeffrey S. Mutnick and Pozzi, Wilson, Atchison, O'Leary & Conboy, Portland.

Michael G. Bostwick, Portland, argued the cause for respondents. On the brief were Richard Wm. Davis and Davis, Bostwick, Scheminske & Lyons, Portland.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

WARREN, J.

**WARREN, J.**

In this workers' compensation case, claimant seeks review of an order by the Workers' Compensation Board dismissing employer's request for review. The issue is whether the Board retains jurisdiction to review a referee's order when the requesting party withdraws its request to review, after the responding party, without filing a timely cross-request, questions the validity of the referee's order.

Claimant's husband died on May 29, 1985, from ventricular fibrillation, which was a result of his compensable condition. On June 20, 1986, a referee awarded 100 percent unscheduled permanent partial disability and costs of medical services on the deceased husband's claim but denied her widow's benefits.

Employer timely requested review of the order. On October 1, 1986, after the time for cross-request had expired, claimant filed a brief in which she raised the issue of her eligibility to receive widow's benefits. Employer then withdrew its request and moved for dismissal. The Board granted the motion, and claimant appeals.

She relies on *Neely v. SAIF,* 43 Or App 319, 602 P2d 1101 (1979), *rev den* 288 Or 493 (1980), which holds that a party need not cross-petition for review and that the Board may reach on *de novo* review an issue first raised in briefs before it. Employer contends that, by withdrawal of the request for review, the Board was deprived of its jurisdiction to review, and the case was properly dismissed. It relies on *R.A. Gray & Company v. McKenzie,* 57 Or App 426, 645 P2d 30, *rev den* 293 Or 340 (1982), which holds that a respondent who has not cross-appealed cannot recover a more favorable judgment from the appellate court than it had below.

Claimant is correct that the Board can reach issues raised by a responding party on *de novo* review without a formal cross-petition. *Neely v. SAIF, supra,* 43 Or App at 323. The essential prerequisite of the Board's review power is, however, that it have jurisdiction. Here, the Board acquired jurisdiction when employer filed its request for review. ORS 656.295. It lost it when employer withdrew the request. Although claimant questioned the denial of widow's benefits in her brief to the Board, the brief was filed after the statutory

period for a request for review, ORS 656.289(3),[1] and thus it could not be considered or treated as a timely cross-request. In *Neely,* the Board retained jurisdiction of the request for review and could review issues raised by the responding party. Here, when employer withdrew its request, the Board was deprived of jurisdiction and properly dismissed the case.

Affirmed.

---

[1] ORS 656.289(3) reads as follows:

"The order is final unless, within 30 days after the date on which a copy of the order is mailed to the parties, one of the parties requests a review by the board under ORS 656.295. When one party requests a review by the board, the other party or parties shall have the remainder of the 30-day period and in no case less than 10 days in which to request board review in the same manner. The 10-day requirement may carry the period of time allowed for requests for board review beyond the 30th day. The order shall contain a statement explaining the rights of the parties under this subsection and ORS 656.295."