Argued and submitted October 3, affirmed December 21, 1994

In the Matter of the Compensation of
Brian G. Vogel, Claimant.

Brian G. VOGEL,
*Petitioner,*

*v.*

LIBERTY NORTHWEST INSURANCE
CORPORATION
and Portland Fence Company,
*Respondents.*

(WCB 91-12115; CA A83304)

887 P2d 384

Steven T. Fagenstrom argued the cause for petitioner. With him on the brief were Alan M. Scott and Galton, Scott & Colett.

Alexander D. Libmann argued the cause and filed the brief for respondents.

Before Warren, Presiding Judge, and Edmonds and Landau, Judges.

WARREN, P. J.

## WARREN, P. J.

Claimant seeks review of an order of the Workers' Compensation Board that failed to award him permanent partial disability (PPD) for loss of grip strength and from a refusal to remand the claim to the Department of Insurance and Finance (DIF) for adoption of temporary rating rules.[1] We affirm.

Claimant compensably injured his right hand. The insurer closed the claim by notice of closure, but did not award PPD. Claimant requested reconsideration of the notice of closure and the appointment of a medical arbiter. DIF affirmed, without appointing an arbiter, because it could not complete the reconsideration within the statutory time limit. Claimant requested a hearing on the reconsideration order. At about the same time, DIF appointed a medical arbiter, who found that claimant had limited range of motion and lost grip and wrist strength in his right hand and forearm.

The referee dismissed the request for hearing, concluding that, under *Olga I. Soto*, 44 Van Natta 697 (1992), she did not have jurisdiction to review DIF's reconsideration order. However, she made findings "in the event that an appellate court alters the precedent of *Soto*." The referee then found that claimant had a permanent range of motion loss of 5 percent and a strength loss of 37 percent in his right forearm, and observed:

> "Claimant's loss of strength is not due to peripheral nerve damage, * * * loss of muscle or disruption of the musculotendinous unit. Therefore, the loss is not measured under [*former*] OAR 436-35-110(2). ORS 656.283(7) provides that the referee shall apply those 'standards' to the rating of claimant's disability. However, *the 'standards' do not cover this situation*, where medical evidence is that the loss of strength and range of motion is due to algesic paresis and reflex inhibition. In such a case, I am guided by the same statutory section, which provides that the hearing may be conducted in any manner that will achieve substantial justice.

[1] DIF is now known as the Department of Consumer and Business Services.

"Since the director's standards to [sic] not consider this medically verified permanent impairment, I rate the disability without regard to the standards. However, I look to [former] OAR 436-35-110(2) for guidance * * *." (Emphasis supplied.)

The referee then combined the range of motion loss and the strength loss and awarded claimant 40 percent PPD for loss of use or function of the right forearm.

Claimant requested review, asserting that the referee erred:

"1. In denying the jurisdiction of the Hearings Division and dismissing Claimant's Request for Hearing [and]

"2. In finding that [former] OAR 436-35-110(2) does not apply to Claimant's injuries."

Claimant, however, requested that review be held in abeyance, because

"[the referee's] decision in this * * * case was that she did not have jurisdiction, relying on *Olga I. Soto*, 44 Van Natta [697 (1992)]. It is my understanding from checking that the *Soto* decision has been appealed to the Oregon Court of Appeals. Under these circumstances, in order to protect the rights of our client, * * * we have requested review of the Referee's decision. The sole reason for this appeal is so that if the *Soto* case is reversed and it is determined that the Hearings Division did have jurisdiction, *we will have preserved our client's rights*." (Emphasis supplied.)

The Board granted claimant's request to hold the petition for review in abeyance and said:

"Upon issuance of the *Soto* decision, the parties shall advise the Board of their respective positions concerning further action regarding this case."

Later, after we reversed, *see Soto v. SAIF*, 123 Or App 358, 860 P2d 824 (1993), the Board issued its decision on review, adopting the referee's findings, reinstating the request for hearing, and modifying the order on reconsideration, concluding:

"The applicable standards provide that '[d]isability is rated on the permanent loss of use or function of a body part due to an on-the-job injury. These losses, as defined and used in these standards, shall be the sole criteria for the rating of

permanent disability in the scheduled body parts under these rules.' *Former* OAR 436-35-010(2) (WCD Admin. Order 2-1991). The standards provide a rating for loss of strength in the upper extremities when the cause is a peripheral nerve injury, loss of muscle or disruption of the musculotendinous unit. *Former* OAR 436-35-110(2)(a). The rating allowed depends on which nerve is affected or impaired. *Id.*

"There is no medical evidence that claimant's losses of grip or wrist strength are due to a peripheral nerve injury, loss of muscle or disruption of the musculotendinous unit. Contrary to claimant's assertion on review, a diagnosis of tendinitis does not, in and of itself, establish a disruption of the musculotendinous unit. Rather, 'tendinitis' is merely an inflammation of tendons and of tendon-muscle attachments. Dorland's Illustrated Medical Dictionary 1315 (26th ed. 1981). 'Disruption,' on the other hand, means an abnormal separation. *Id.* at 397. Absent evidence that claimant suffered a tendon separation, we do not find that claimant's losses of grip or wrist strength are ratable under *former* OAR 436-35-110(2)(a) * * *."

Claimant requested reconsideration from the Board of its order on review. He sought an award for his loss of strength or, alternatively, that his claim be remanded to DIF for adoption of a temporary rule amending the standards to address that loss. On reconsideration, the Board adhered to its order on review, and declined to remand to DIF for adoption of a temporary rule amending the standards, asserting that claimant did not preserve that issue on review.

Claimant's first assignment is that the Board erred in concluding that he was not entitled to PPD for loss of strength. He argues that the Board's interpretation of "disruption" in *former* OAR 436-35-110(2)(a) (*renumbered* OAR 436-35-110(9)(a) in 1992), was too restrictive, and that "other definitions are equally reasonable and better serve the general policy of the Workers' Compensation system." Claimant asserts that one meaning of "disrupt" is "[t]o cause disorder or turmoil."[2] Based on that definition, he argues that the inflammation of his tendons "causes disorder or turmoil within [his] hand and wrist."

---

[2] Although claimant's assertion is correct, we note that the *first* definition of the term "disrupt" in *Webster's Third New International Dictionary* 656 (unabridged 1976) is "to break apart."

The Board's interpretation of the word "disruption," found in a rule promulgated by the director of DIF, presents a question of law. Accordingly, we review for errors of law. ORS 183.482(8). We look to the text and context of the rule to determine whether the Board erred, as a matter of law, in concluding that claimant was not entitled to PPD under *former* OAR 436-35-110(2)(a). *See Stone Forest Industries, Inc. v. Employment Div.*, 127 Or App 568, 572, 873 P2d 474 (1994); *see also PGE v. Bureau of Labor and Industries*, 317 Or 606, 859 P2d 1143 (1993).

*Former* OAR 436-35-110(2) provided, in part:

"(9)   Loss of strength is rated when the cause is a peripheral nerve injury. * * *

"(a)   Loss of strength due to loss of muscle or disruption of the musculotendinous unit shall be valued as if the nerve supplying that muscle or muscle group were impaired."

The term "disruption" is not defined in the rule. The words "injury" and "loss of muscle" in the rule suggest that disruption, too, means some kind of physical trauma. However, because that is not dispositive, we look to the context in which the rule appears. OAR chapter 436 provides standards for rating permanent disability suffered by a claimant as a result of an *injury*. The standards are couched in medical terms. In that context, we agree with the Board that the rule used the term disruption as a medical term, *i.e.*, an abnormal separation. The Board did not err in concluding that claimant was precluded from receiving PPD for loss of strength.

Claimant's next assignment is that the Board erred in refusing to remand his claim to DIF for adoption of a temporary rule to address his disability. He argues that the Board was required to remand, because the issue of whether his loss of strength was ratable under existing standards did not exist until the Board determined that those standards did not apply. We disagree. As we have noted, claimant knew after the referee issued her opinion that his injuries could not be rated under existing rating standards. Before it decided the case, the Board alerted the parties that they should "advise the Board of their respective positions" regarding the merits of claimant's case. The focus of claimant's argument on review, however, was that his injuries were in fact ratable under *former* OAR 436-35-110(2)(a). He did not seek a

remand to DIF for the adoption of a temporary rule. Rather, he raised that issue for the first time in his request for reconsideration of the Board's order on review. At that time, the Board had the discretion to consider a remand to DIF, but it was not *required* to do so. *Stevenson v. Blue Cross of Oregon*, 108 Or App 247, 252, 814 P2d 185 (1991); *Larsen v. Taylor & Company*, 56 Or App 404, 406 n 1, 642 P2d 317 (1982).

Affirmed.