Argued and submitted September 2, 1992, reversed and remanded for
reconsideration February 17, 1993

Cheryl L. DINKINS,
*Petitioner,*

*v.*

BOARD OF ACCOUNTANCY,
*Respondent.*

(CA A73402)

846 P2d 1186

Ramey R. Stroud, Salem, argued the cause and filed the brief for petitioner.

Ann Kelley, Assistant Attorney General, Salem, argued the cause for respondent. With her on the brief were Charles S. Crookham, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Richardson, Chief Judge, and Deits and Durham, Judges.

DEITS, J.

## DEITS, J.

Petitioner seeks review of the Board of Accountancy's order denying her application for a certified public accountant's certificate. The Board based the denial on its conclusion that petitioner "has not obtained the requisite experience" under ORS 673.060(1). In the opinion portion of its order, the Board explained that petitioner's experience was "too old to demonstrate that she is now qualified to be granted a CPA certificate."

ORS 673.060(1) includes among the requirements for a certificate that the applicant either:

"(a) Have had two years' public accounting experience or the equivalent thereof satisfactory to the board *under its rules*; or

"(b) Have had one year of public accounting experience or the equivalent thereof satisfactory to the board under its rules and have completed one year of college or university courses in accounting or related subjects beyond the baccalaureate degree or the equivalent thereof satisfactory to the board *under its rules*." (Emphasis supplied.)

When petitioner filed her application, the Board had no rule pertaining to the time that an applicant's experience was acquired. However, while the application was pending, the Board amended OAR 801-10-065 to add a new subsection (11):

"The experience and examination requirements shall be obtained within the eight years preceding the date of application."

Although the Board purportedly did not apply that rule in denying petitioner's application, it nevertheless made its decision on the basis of the "age" of her experience. It explained:

"OAR 801-10-065(11) requires that the examination and experience requirements be obtained within eight years of the application. Neither the examination nor the experience at issue in this case was obtained within eight years of the date of the first application. However, this 'eight year rule' was promulgated in September 1989, after applicant filed her application. The rule, therefore, does not apply in this case.

"If the 'eight year rule' applied in this case, the application would be denied solely on the basis of the rule. The fact that the rule was not yet issued by the Board at the time of the application at issue, however, does not preclude the Board from considering whether the experience is too old to demonstrate the applicant is now qualified to obtain a certificate based on that experience.

"Mr. Nygaard, a member of the Qualifications Committee, testified that the Board should not regard older experience as qualifying experience because of the many significant changes that occur in the accounting profession each year. Thus, past experience does not demonstrate present qualification for a CPA certificate."

■ In her first assignment, petitioner argues that ORS 673.060(1) requires that the Board's evaluation of an applicant's experience be conducted "under its rules," that the Board had no rule at the time of petitioner's application relating to the time that the experience was obtained and, therefore, that it was error for the Board to deny the certificate on the basis that it did.

The Board responds that it was not required to have a rule adopted under the rulemaking provisions of the Administrative Procedures Act (APA) in order to consider the remoteness of petitioner's experience as a basis for denial, but could, instead, interpret ORS 673.060(1) to allow that consideration through its order in the contested case proceedings on petitioner's application. The Board relies, *inter alia* on *Trebesch v. Employment Division*, 300 Or 264, 710 P2d 136 (1985), *Weyerhaeuser Co. v. Employment Div.*, 105 Or App 233, 804 P2d 1133, *rev den* 311 Or 433 (1991), and *Sun Veneer v. Employment Div.*, 105 Or App 198, 804 P2d 1174 (1991). In particular, the Board points to the statement in *Trebesch* that "[a]gencies generally may express their interpretation of the laws they are charged with administering either by adjudication or by rulemaking, or both." 300 Or at 273.

The Board's reliance on *Trebesch* and the other cited cases does not aid it. Each of those cases dealt with the permissible methods by which a particular agency could interpret and apply particular statutory terms. In each case, it was held that contested case orders, as well as rules, could be used as an interpretive vehicle. However, the court did not

suggest that *all* agencies in *all* circumstances may select between rules and adjudicative orders in interpreting and applying *all* statutory terms. In fact, it said the opposite:

"*Megdal [v. Board of Dental Examiners*, 288 Or 293, 605 P2d 273 (1980),] does not mean that all terms delegating policymaking discretion can be applied only after rulemaking. Nor does *Ross [v. Springfield School Dist.*, 294 Or 357, 657 P2d 188 (1982),] mean that terms delegating interpretive responsibility may always be applied as the agency chooses, either by rule or by adjudication. Both cases address only the requirement for rulemaking in the individual agencies at issue in the cases.

"*It is always possible for the legislature explicitly to require an agency to define any type of statutory terms by rulemaking. See, e.g., Marbet v. Portland Gen. Elect.*, 277 Or 447, 458, 561 P2d 154 (1977). In the absence of an explicit directive, the breadth and kind of responsibility delegated to the agency by the statutory term (fact-finding, applying an ambiguous law, or developing policy) will be one, but not a dispositive, factor which may indicate an implicit directive from the legislature for rulemaking. In addition, the tasks the agency is responsible for accomplishing, and the structure by which the agency performs its mandated tasks, all of which are specified in an agency's authorizing legislation, must be examined as a whole in order to discern the legislature's intent with regard to rulemaking.

"* * * * *

"First, we examine the character of the statutory term in dispute. Then we address the authority delegated and the tasks assigned to the agencies. Finally, we discuss the structure by which the agencies execute their tasks." 300 Or at 270. (Emphasis supplied.)

In this case, the statute expressly requires that the Board's consideration of an applicant's experience be conducted under its rules. For that reason, this case is distinguishable from the holdings in *Trebesch* and the other cited cases. It also differs from *Arnold v. Board of Accountancy*, 49 Or App 261, 619 P2d 912 (1980), *rev den* 290 Or 651 (1981), where we said that this agency could construe and apply the term "[d]ishonesty * * * in the practice of public accounting" in ORS 673.170(2) in the context of a contested license revocation proceeding, without the need for prior rulemaking. Here, unlike in *Arnold*, and as stated in *Trebesch*, the

legislature has explicitly required the Board to engage in rulemaking and to act under its rules.[1] *But see* note 2, *infra*.

The Board also contends that its interpretation of the statutory experience requirement in its order in this case is the equivalent of a rule. It asserts:

> "The basic error that petitioner makes here is her assumption that a 'rule' can never come from contested cases themselves. As set forth above, no hard and fast principles exist about the necessity of prior rulemaking."

We disagree. The terms "contested case," "order" and "rule" have very different meanings under the APA definitions, ORS 183.310(2), (5), (8), and the APA requirements for rulemaking and for contested cases are separate and different. *See* ORS 183.325 *et seq*; ORS 183.413 *et seq*; *see also Trebesch v. Employment Division, supra*, 300 Or at 273. There would have been no purpose to any of the analysis in *Trebesch* and like cases about which method agencies may use in performing interpretive functions if "rules" and "contested case orders" were synonymous for purposes of their interpretation and application of statutory terms.

The Board next argues, relying on *Martini v. OLCC*, 110 Or App 508, 823 P2d 1015 (1992), that petitioner knew and had an ample opportunity to present evidence and argument under the standard that the Board applied. Also, relying on *McKay v. Board of Medical Examiners*, 100 Or App 685, 788 P2d 476 (1990), the Board asserts that "norms that are uniformly or widely recognized in the particular profession need not be expressed by rulemaking." Neither case is apposite. In *Martini*, the issue was not whether the Board was required by statute to have a rule; it did. The question was whether the Board could change its interpretation of the rule during the course of a contested case without giving the affected party the opportunity to make a presentation under the new standard. In *McKay*, the question *was* whether the agency was required to have a rule defining or explicating a particular statutory term. In the absence of express language

---

[1] We need not decide whether *Arnold* survives more recent Supreme Court and Court of Appeals decisions relating to the same general issue.

in the statute stating otherwise, we concluded that the statute did not require a rule. Here, there is express language in the statute that does require a rule.

Finally, the Board contends that, even if ORS 673.060(1) requires a rule, its decision can be upheld on the basis that its current experience requirement was a permissible interpretation of a rule that was in effect at the time of the Board's decision and that required an applicant to be able to apply "current practice standards." However, that rule was not the basis of the Board's decision, and we may not interpret and apply its rule or make its decision in the first instance.

■ There is a suggestion in the Board's argument that petitioner's position depends on her assumption that the terms in ORS 673.060(1) are "delegative," within the meaning of *Springfield Education Assn. v. School Dist.*, 290 Or 217, 621 P2d 547 (1980), and that that assumption may not be correct. However, as a general proposition, the need for rulemaking does not invariably depend on whether the subject of the rule is a delegative statutory term or some other kind. The legislature may require an agency to adopt rules, regardless of the nature of the statutory terms to which they pertain. Here, the legislature has expressly required rules to govern the Board's evaluation of an applicant's experience.[2]

The Board erred by denying the application on the basis of the "age" of petitioner's experience. It is unnecessary for us to reach petitioner's second assignment of error.

Reversed and remanded for reconsideration.

---

[2] We note in that connection, however, that no question is raised by petitioner, and we do not decide, whether the Board's interpretation that ORS 673.060(1) requires current experience is a permissible one. We hold only that the statute mandates that any otherwise permissible agency interpretation of its stated requirements must be expressed by rule.