Argued and submitted March 30, affirmed April 27, 1994

## STONE FOREST INDUSTRIES, INC.,
*Petitioner,*

*v.*

## EMPLOYMENT DIVISION
### and Jeffrey A. Morton,
*Respondents.*

(93-AB-1226; CA A80328)

873 P2d 474

A. E. Bud Bailey argued the cause for petitioner. With him on the brief was Werst Shields Bailey.

Youlee Yim You, Assistant Attorney General, argued the cause for respondent Employment Division. With her on the brief were Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General.

No appearance for respondent Jeffrey A. Morton.

Before Rossman, Presiding Judge, and De Muniz and Leeson, Judges.

ROSSMAN, P. J.

## ROSSMAN, P. J.

Employer suspended claimant from his job after marijuana metabolites were found in claimant's system in a drug test required by employer. Claimant applied for unemployment benefits. He admitted that he had smoked marijuana two or three days before the test. However, the test itself is incapable of revealing when the drug was ingested and, at the hearing on the claim, employer did not prove that claimant was under the influence of or impaired by the drug while on the job. The Employment Appeals Board (EAB) therefore concluded that the off-duty drug use was not connected with claimant's work and did not disqualify him from receiving benefits.[1] Employer seeks review, and we affirm.

ORS 657.176(2) provides, as material, that a claimant is ineligible for unemployment benefits if he or she:

"(a)   Has been discharged for misconduct connected with work, or

"(b)   Has been suspended from work for misconduct connected with work."

In addition to its general rule defining "misconduct," OAR 471-30-038(3), the Employment Division (Division) has promulgated OAR 471-30-130, concerning drug tests and related claims. It provides, in relevant part:

"(1)   Purpose — These policies are guidelines for adjudication of drug testing related cases. The policies do not, and are not intended to, establish what employers may or may not do in their own businesses. The policies address only the payment or denial of benefits under Employment Division law.

"* * * * *

"(9)   Failing a Drug Test — At present, drug tests cannot determine whether an individual is under the influence of drugs. Test[s] can only establish whether drugs are present in the individual's body. Consequently, before benefits are denied for failing a drug test, it must be shown that:

---

[1] The test was required because claimant had sustained an on-the-job accidental injury. *See* OAR 471-30-130(2)(a)(D). Employer does not contend that the accident was drug-related or is relevant to any issue in the case, except that it provided the occasion for the test.

"(a)    Proper testing and confirmation procedures have been followed;

"(b)    [With an exception not relevant here], a preponderance of the evidence indicates the individual was under the influence of drugs on the job; and

"(c)    When the requirements of subsections (a) and (b) of this section are met, the following apply:

"(A)    Discharge: If an employee is discharged for failing a drug test and a preponderance of the evidence indicates that the employee was under the influence of drugs on the job, it is a discharge for misconduct;

"(B)    Voluntary leaving: If an employee fails a test and quits because a discharge is imminent, the quit is treated the same as any other quit in lieu of discharge. If discharge is not imminent and the employee quits, the quit is without good cause."

EAB based its decision on two independent alternative grounds. First, it concluded that employer had not established that claimant was under the influence of drugs on the job and, therefore, OAR 471-30-130(9) did not allow a denial of benefits. Second, EAB noted that employer disputed the applicability of OAR 471-30-130(9), because claimant had been suspended rather than discharged. EAB concluded that, even if the rule were not applicable, claimant would nevertheless be entitled to benefits under ORS 657.176(2) and OAR 471-30-038(3), as we construed them in *Glide Lumber Prod. Co. v. Emp. Div. (Smith)*, 86 Or App 669, 741 P2d 907 (1987). We said in that case that "off-the-job drug use can be disqualifying only if it does in fact or is reasonably likely in a specific case to have actual on-the-job effects." 86 Or App at 674. If the off-duty misconduct does not have such effects, we concluded, it is not "connected with work" under ORS 657.176(2)(a). 86 Or App at 675. *See also Sun Veneer v. Employment Div.*, 105 Or App 198, 804 P2d 1174 (1991).

■    Employer now renews its contention that OAR 471-30-130(9) does not apply to suspensions, as distinct from discharges. The argument is somewhat discursive, but its apparent focus is the fact that OAR 471-30-130(9)(c)(A) specifically discusses discharges, while nothing there or elsewhere in the rule specifically mentions suspensions. The format of OAR 471-30-130(9) is like that of several other

sections of the rule: after setting out a general rule, it recites how that rule applies specifically to selected types of claims or grounds for denying claims. Nothing in subsection (9)(c)(A) or the other provisions of the rule that deal with specific types of claims indicates that they are meant as anything more than examples, or that the generally stated requirements of the rule do not apply according to their literal terms to other types of claims that are not among the examples, but for which benefits are payable under ORS chapter 657. In effect, employer reads subsection (9)(c)(A) in isolation, and disregards the rest of the section (9). Section (9) and subsection (9)(b) provide that, "before benefits are denied for failing a drug test, it must be shown that * * * a preponderance of the evidence indicates the individual was under the influence of drugs on the job." That language clearly refers to all benefits that are payable under the unemployment compensation laws, for whatever reason the laws make them payable. It describes the conditions that must exist in order to deny benefits to which a claimant who has failed a drug test would otherwise be entitled, and it does so without reference to why the claimant would otherwise be entitled to benefits. Reading the rule as a whole, it relates to benefits for suspensions as well as for discharges. We agree with EAB that OAR 471-30-130(9) is applicable and with the way in which EAB applied it.[2]

■　We also agree with EAB that claimant would be entitled to benefits even if OAR 471-30-130(9) did not apply to this claim. As the Division argues, aside from the fact that claimant was suspended rather than discharged, this case is indistinguishable from *Glide Lumber Prod. Co. v. Emp. Div. (Smith), supra.* The distinction between the two cases is legally inconsequential. "Misconduct connected with work" means the same thing in ORS 657.176(2)(b) as it does in ORS 657.176(2)(a).[3]

---

[2] Because we agree with EAB's interpretation of the applicability and substance of the rule, it is unnecessary for us to address in detail whether we would otherwise owe some "deference" to EAB's interpretation. We note that the assistant director of the Employment Division, not EAB, was the responsible rulemaker and policymaker at the time the rule was adopted. *See Trebesch v. Employment Division,* 300 Or 264, 710 P2d 136 (1985); *but see* Or Laws 1993, ch 344.

[3] We noted in *Glide* that the Division was not *required* to have a specific rule pertaining to drug testing and employee drug use, and that, in the absence of such a

Employer's remaining arguments have either been answered adversely in *Glide* and *Sun Veneer v. Employment Div., supra,* or they warrant no discussion.

Affirmed.

---

rule, claims involving those matters could be decided under the statute and OAR 471-30-038(3). 86 Or App at 676-77. Here, similarly, if employer were correct in its understanding that OAR 471-30-130 does not apply to suspensions, ORS 657.176(2)(b) and OAR 471-30-038(3) would govern claims involving suspensions where misconduct issues are raised.