Argued and submitted September 16, 1994, affirmed January 4, Oregonians in Action's petition for review and Jackson County's petition for review denied May 16, 1995 (321 Or 137)

# JACKSON COUNTY
and Oregonians in Action,
*Petitioners,*

John R. HASSEN,
Phillip Y. Paden, Richard Stevens,
Mark W. Weist, J. Michael Lanier,
Curt Weaver, and James W. Christopherson,
*Petitioners below,*

*v.*

# LAND CONSERVATION AND
# DEVELOPMENT COMMISSION
and Jackson County Citizens League,
*Respondents.*

(92-EO-833; CA A78959)

888 P2d 98

Arminda Brown argued the cause for petitioner Jackson County. With her on the brief were Diane B. Conradi and Jackson County Counsel.

Dorothy S. Cofield argued the cause for petitioner Oregonians in Action. On the brief was David B. Smith.

John T. Bagg, Assistant Attorney General, argued the cause for respondent Land Conservation and Development Commission. With him on the brief were Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General.

Charles Swindells argued the cause for respondent Jackson County Citizens' League. With him on the brief was Mary Kyle McCurdy.

Before Richardson, Chief Judge,* and De Muniz and Leeson, Judges.

LEESON, J.

---

* Richardson, C. J., *vice* Rossman, P. J., retired.

**LEESON, J.**

Petitioners Jackson County and Oregonians in Action (OIA) seek review of a Land Conservation and Development Commission (LCDC) enforcement order that determined that the county had engaged in a pattern or practice of land use decision-making and other actions that violated the county's comprehensive plan or land use regulations. ORS 197.320(6). Among the remedies in LCDC's enforcement order is the requirement that the county adopt an ordinance setting a time limit of no more than two years on the validity of land use approvals for dwellings in three resource zones. The limitation applies to some approvals that preceded the date of LCDC's order, as well as to subsequent approvals.

OIA contends that LCDC lacked statutory authority to impose the two-year limitation on approvals and, alternatively, that LCDC was required to, but had not, promulgated a rule authorizing such a limitation before imposing it. The county, appearing separately, also contends that the limitation was impermissible in the absence of "prior rulemaking."

■     ORS 197.335(3)(a) provides the answer to OIA's statutory argument. It requires LCDC, under the circumstances present here, to "*limit*, prohibit or require the approval by the local government of applications for * * * land use decisions." (Emphasis supplied.)

The county does not directly address the statutory issue, but its characterization of the limitation as "retroactive" is relevant to the issue. It is true that the limit on dwelling approvals in certain resource zones applies to some approvals that predate its imposition. However, the limit operates only as to events that have not yet occurred, *i.e.*, the process of advancing completion of dwellings that have been approved. We find nothing in the enforcement statutory scheme that even arguably forecloses LCDC from attempting to prevent the consummation of land use law violations simply because they were authorized in the past. Indeed, the whole sense of the enforcement statutes and of such an application of them is contrary to the county's understanding. A finding that a local government has engaged in an

unlawful pattern or practice necessarily must be based on noncomplying acts that have already occurred.

Conceivably, some of the applicants who obtained the earlier approvals may have acquired vested rights or, for other reasons peculiar to them, may be entitled to proceed with the approved dwellings after the two-year period has elapsed. That, however, is not a question that can be decided in this proceeding. Petitioners challenge the validity of the order as it applies generally to the county's land use decisions; any peculiar circumstances of particular applicants do not affect the overall validity of the order, but can only be resolved in appropriate proceedings based on their own facts.

■ We turn to the county's rulemaking argument. It begins with the premise that the limitation imposed by LCDC is the "sort of policy making [that] should have been accomplished through formal rule making rather than in the contested case setting." Much of the county's and OIA's argument pertaining to rulemaking depends on that premise,[1] and on cases that have dealt with rulemaking as a component of policy. However, we do not agree with the county's framing of the issue. The enforcement process is not an exercise of policy making; it is one of case-specific adjudication and, as suggested in our discussion of the statutory argument, it is one that ORS 197.319 *et seq* governs with considerable particularity. The two-year limitation that LCDC imposed is not an expression of policy; it is a selection of a remedy.

Both petitioners rely on ORS 197.040, which provides in material part:

"(1)    [LCDC] shall:

"* * * * *

"(b)    In accordance with the provisions of ORS 183.310 to 183.550, adopt rules that it considers necessary to carry out ORS chapters 195, 196 and 197. In designing its administrative requirements, the commission shall allow for the diverse administrative and planning capabilities of local governments.

---

[1] We assume the correctness of that premise and the implications that the county attaches to it only for discussion's sake. *See Trebesch v. Employment Division*, 300 Or 264, 710 P2d 136 (1985).

"(c)(A) Adopt by rule in accordance with ORS 183.310 to 183.550 or by goal under ORS chapters 195, 196 and 197 any statewide land use policies that it considers necessary to carry out ORS chapters 195, 196 and 197.

"(B) Adopt by rule in accordance with ORS 183.310 to 183.550 any procedures necessary to carry out ORS 215.402-(4)(b) and 227.160(2)(b)."

Based in part on the word "shall" in the preamble of ORS 197.040(1), petitioners assert that LCDC is *required* to adopt rules, including a rule that specifically authorizes the remedial measure that LCDC used here. Petitioners overlook the fact that ORS 197.040(1)(b) and ORS 197.040(1)(c)(A) refer to the adoption of "rules that [LCDC] considers necessary" to accomplish the purposes contemplated by those subsections. The remedial options that are set forth in the enforcement statutes are extensive and detailed. A two-year limit on the life of approvals is not specifically mentioned in the statutes. However, we have previously held that, where there is a statute or rule that applies to and satisfactorily covers a category of cases that might come before an agency, the agency is "not required to imagine every set of circumstances and provide a separate rule for each." *Glide Lumber Prod. Co. v. Emp. Div. (Smith)*, 86 Or App 669, 676, 741 P2d 907 (1987); *see also Stone Forest Industries, Inc. v. Employment Div.*, 127 Or App 568, 573 n 3, 873 P2d 474 (1994). We reiterate that holding here.

Both petitioners also rely on *Dinkins v. Board of Accountancy*, 118 Or App 220, 846 P2d 1186 (1993), for the proposition that LCDC was required to adopt a rule before imposing the remedial order. That case, however, illustrates the defect in their argument. *Dinkins* held that the Accountancy Board was required to act under preexisting rules pertaining to a license applicant's experience, because ORS 673.160(1), the statute relating to the experience criterion, specifically required the Board's evaluation of experience to be made "under its rules." ORS 197.040, by contrast, confers general rulemaking authority on the agency, but leaves to the agency the determination of the specific contexts in which rules are necessary. In this case, no statute expressly requires LCDC to delineate by rule all of the specific remedies that it might apply in enforcement proceedings, and petitioners

offer no other tenable reason for concluding that LCDC is required to do so.[2]

We have considered but need not discuss petitioners' other arguments.

Affirmed.

---

[2] We do not suggest that LCDC may *not* adopt such a rule. ORS 197.040(1)(b) allows but does not compel it to do so.