Argued and submitted November 30, 2005, affirmed April 19, 2006

# GEORGE EARL McCLINE,
*Petitioner,*

*v.*

# BOARD OF PAROLE
# AND POST-PRISON SUPERVISION,
*Respondent.*

## A123491

133 P3d 349

Irene B. Taylor, Deputy Public Defender, argued the cause for petitioner. With her on the brief were Peter A. Ozanne, Executive Director, and Peter Gartlan, Chief Defender, Office of Public Defense Services.

Susan G. Howe, Senior Assistant Attorney General, argued the cause for respondent. With her on the brief were Hardy Myers, Attorney General, and Mary H. Williams, Solicitor General.

Before Landau, Presiding Judge, and Schuman and Ortega, Judges.

SCHUMAN, J.

**SCHUMAN, J.**

The Board of Parole and Post-Prison Supervision (board) postponed petitioner's parole release date after finding that he had a severe emotional disturbance and that he posed a threat to the health or safety of the community. Petitioner seeks judicial review. At issue is whether the board's action violated a federal court injunction or exceeded the board's statutory authority. We conclude that it did neither, and we therefore affirm.

Petitioner was convicted of murder in 1978, sentenced to life in prison, and assigned a parole release date of October 10, 2003. Prior to that date, the board held an exit interview as authorized under ORS 144.125(1).[1] On the basis of that interview and the material presented there, the board postponed petitioner's release date for 24 months, finding that he "suffers from a present severe emotional disturbance that constitutes a danger to the health or safety of the community." The board explained that, in conformity to the *ex post facto* clauses of the Oregon and United States constitutions as construed in *Williams v. Board of Parole*, 107 Or App 515, 521, 812 P2d 443 (1991), *adh'd to on recons*, 112 Or App 108, 828 P2d 465, *rev dismissed*, 313 Or 300 (1992), it "considered this matter under the laws in effect at the time of the commitment offense[.]"

The relevant "law in effect" at the time of the 1978 commitment offense is ORS 144.125(3) (1977). That provision states:

"If a psychiatric or psychological diagnosis of present severe emotional disturbance has been made with respect to the prisoner, the board may order the postponement of the scheduled parole release until a specified future date."

However, according to petitioner, that law was invalidated in a 1978 federal class-action lawsuit, *Daniels v. Cogswell*, Civ

---

[1] ORS 144.125(1) provides, in part:

"Prior to the scheduled release of any prisoner on parole * * * [the board] may upon request of the Department of Corrections or on its own initiative interview the prisoner to review the prisoner's parole plan and psychiatric or psychological report, if any, and the record of the prisoner's conduct during confinement. * * *"

No 79-651 (D Or Nov 28, 1979), in which prisoners alleged that postponing parole under the law violated Section 504 of the Rehabilitation Act of 1973, 29 USC § 794.[2] The class, "defined as all prisoners * * * who have been or will be denied parole or whose parole has been or will be postponed by the Oregon Board of Parole due to a psychiatric or psychological diagnosis of a present severe emotional disturbance," prevailed. The judgment states:

"1. The Oregon State Board of Parole may not apply ORS * * * 144.125(3) * * * to deny or postpone the parole of any of the plaintiffs or any member of the class whom they represent on the basis of alleged severe emotional disturbance since such action violates plaintiffs' rights under Section 504 of the Rehabilitation Act of 1973, as amended, 29 U.S.C.§794; and

"2. Defendants [board members] and their successors are enjoined from enforcing and applying ORS * * * 144.125(3) * * * to deny or postpone paroles on the basis of severe emotional disturbance."

Petitioner contends that, when the board postponed his parole on the basis of ORS 144.125(3), it "erroneously interpreted a provision of law," presumably Section 504 of the Rehabilitation Act as construed in *Daniels,* so we must remand the case. ORS 183.482(8)(a)(B). We disagree.

The *Daniels* court did not facially invalidate ORS 144.125(3); rather, the court enjoined its application "on the basis of alleged severe emotional disturbance." That phrase is ambiguous. It could mean, as petitioner contends, that the board may never use severe emotional disturbance as a factor in deciding whether to deny or postpone parole, or it could mean, as respondent contends, that the board may never base a denial or postponement *solely* on the basis of severe

---

[2] The version of the Rehabilitation Act operative in 1979 stated, in pertinent part, that "[n]o otherwise qualified handicapped individual in the United States, * * * shall, solely by reason of his handicap, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance * * *." 29 USC § 794(a). According to *Daniels,* because the board received federal financial assistance, and because individuals diagnosed with "present severe emotional disturbance" were "handicapped" within the meaning of the statute, deferral of release on that basis amounted to exclusion of participation from a qualifying program in violation of the Act.

emotional disturbance. If a judgment is ambiguous, however, we may resort to the trial court's opinion to clarify it. *Rigdon v. Rigdon*, 219 Or 271, 277, 347 P2d 43 (1959). The letter opinion in *Daniels* states:

> "If after consideration of all relevant facts, including a psychiatric or psychological report, the Board determines that the prisoner will be a danger to the health or safety of the community, it may postpone or deny parole. But the Board may not deny release on parole solely because of a prisoner's severe emotional disturbance."

Thus, in postponing petitioner's parole on the basis of his severe emotional disturbance *and* his dangerousness, the board did not violate the law as construed by the court or the court's injunction against applying it. It applied ORS 144.125(3), but not in the way that the court had enjoined—that is, based solely on his severe emotional disturbance.[3] Petitioner's claim that the board acted in violation of a provision of law lacks merit.

Petitioner also makes a more subtle argument based on ORS 183.482(8)(b)(A), under which we must remand to the board if we conclude that the agency acted "[o]utside the range of discretion delegated to the agency by law[.]" According to petitioner, in postponing his parole, the board used a criterion—dangerousness to the community—that was not authorized under ORS 144.125 (1977). Rather, he argues, the only criteria on which the board could base its decision were set out in subsections (2) through (4) of that statute:

> "(2) The board shall postpone a prisoner's scheduled release date if it finds * * * that the prisoner engaged in serious misconduct during his confinement. * * *
>
> "(3) If a psychiatric or psychological diagnosis of present severe emotional disturbance has been made with respect to the prisoner, the board may order the postponement of the scheduled parole release until a specified future date.

---

[3] In 1981, ORS 144.125 was amended to permit postponement of release upon a finding that the "prisoner has a present severe emotional disturbance such as to constitute a danger to the health or safety of the community * * *." Or Laws 1981, ch 426, § 2. That amendment does not apply in this case.

"(4) Each prisoner shall furnish the board with a parole plan prior to his scheduled release on parole. The board * * * may defer release of the prisoner for not more than three months if it finds that the parole plan is inadequate."

We disagree with petitioner's interpretation of this statute.

Subsection (3) gives the board discretion to postpone or not to postpone release of severely emotionally disturbed parole applicants; it *"may"* do so, or, by implication, it may not—in contrast, for example, to subsection (2), under which "the board *shall* postpone a prisoner's scheduled release date if it finds * * * that the prisoner engaged in serious misconduct during his confinement." (Emphasis added.) Nothing in ORS 144.125(3) or in the administrative rules in existence in 1978 implementing that statute instructs the board as to how it must exercise that discretion. After *Daniels*, the board chose to exercise its discretion to postpone parole for the subset of emotionally disturbed applicants who were also dangerous to the community.

If the board's choice to exercise its statutorily granted discretion is constrained at all, it is not by the terms of the statute itself but by some other law. For example, under Article I, section 20, of the Oregon Constitution,[4] we doubt that the board could grant parole to emotionally disturbed male offenders but postpone it for emotionally disturbed female offenders. *See Hewitt v. SAIF*, 294 Or 33, 653 P2d 970 (1982). Nor could it grant the "privilege" on a random or ad hoc basis. *City of Salem v. Bruner*, 299 Or 262, 271, 702 P2d 70 (1985). Arguably, it could not base its decision on a classification scheme under which the privilege to be granted (release) bore no relation whatsoever to the trait (for example, hair color) used to sort the privilege's recipients from nonrecipients. Petitioner, however, does not argue that the board's decision to subdivide the class of emotionally disturbed prisoners on the basis of dangerousness and to grant the privilege only to those who are not dangerous violates

---

[4] Article I, section 20, of the Oregon Constitution, provides, "No law shall be passed granting to any citizen or class of citizens privileges, or immunities, which, upon the same terms, shall not equally belong to all citizens."

Article I, section 20, nor, we suspect, could such an argument prevail.

■ Nor is the board's discretion constrained by the absence of administrative rules. In some situations, an agency can be precluded from deciding contested cases without prior rulemaking. Whether a particular agency is or is not subject to that constraint depends on the intention of the legislature. *Trebesch v. Employment Division*, 300 Or 264, 270, 710 P2d 136 (1985); *Megdal v. Board of Dental Examiners*, 288 Or 293, 304-05, 313-14, 605 P2d 273 (1980); *Dinkins v. Board of Accountancy*, 118 Or App 220, 223-25, 846 P2d 1186 (1993). Here, the legislature's intent, although not explicit, is easily ascertained. As noted above, ORS 144.125 (1977) instructs the board that it may postpone a prisoner's parole for any of three reasons:

> "(2) The board shall postpone a prisoner's scheduled release date if it finds * * * that the prisoner engaged in serious misconduct during his confinement. *The board shall adopt rules defining serious misconduct and specifying periods of postponement for such misconduct.*

> "(3) If a psychiatric or psychological diagnosis of present severe emotional disturbance has been made with respect to the prisoner, the board may order the postponement of the scheduled parole release until a specified future date.

> "(4) Each prisoner shall furnish the board with a parole plan prior to his scheduled release on parole. *The board shall adopt rules specifying the elements of an adequate parole plan* and may defer release of the prisoner for not more than three months if it finds that the parole plan is inadequate."

(Emphasis added.) Where the legislature, in the same statute, explicitly commands that the board adopt rules with respect to two out of three statutory criteria, we can infer that the lack of such a command with respect to the third is intentional. The board remains free, when applying ORS 144.125 (1977), to exercise its discretion without prior rulemaking.

In sum, the board's decision to postpone petitioner's parole based on the finding that he is a severely emotionally disturbed person whose release would constitute a danger to

the health or safety of the community does not violate the injunction imposed under Section 504 of the Rehabilitation Act in *Daniels*, nor does it exceed the board's grant of authority in ORS 144.125(3) (1977).

Affirmed.