Argued and submitted November 12, affirmed December 23, 2020, petition for review denied May 6, 2021 (368 Or 138)

RANDALL SHANE GREEN,
*Petitioner,*

*v.*

BOARD OF PAROLE
AND POST-PRISON SUPERVISION,
*Respondent.*

Board of Parole and Post-Prison Supervision
A169884

478 P3d 608

John Evans, Deputy Public Defender, argued the cause for petitioner. Also on the opening and reply briefs was Ernest G. Lannet, Chief Defender, Criminal Appellate Section, Office of Public Defense Services. Randall Green filed the supplemental brief *pro se.*

Kirsten M. Naito, Assistant Attorney General, argued the cause for respondent. Also on the brief were Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General.

Before Lagesen, Presiding Judge, and James, Judge, and Kamins, Judge.

PER CURIAM

Affirmed.

**PER CURIAM**

Petitioner seeks judicial review of a final order of the Board of Parole and Post-Prison Supervision. In that order, the board deferred petitioner's release date under ORS 144.125(3) upon finding that petitioner had "a present severe emotional disturbance [(PSED)] that constitutes a danger to the health or safety of the community."

On review, petitioner contends primarily that the use of the PSED standard under ORS 144.125(3) violates Title II of the Americans with Disabilities Act (ADA) and also the Rehabilitation Act of 1973. Those arguments run contrary to our decisions in *Grimm v. Board of Parole*, 258 Or App 595, 598, 310 P3d 736 (2013), *rev den*, 354 Or 699 (2014), and *McCline v. Board of Parole*, 205 Or App 144, 148, 133 P3d 349, *rev den*, 342 Or 46 (2006), and we are not persuaded that those decisions are plainly wrong. In that regard, we note that our decisions are in harmony with the Ninth Circuit's view. *See Thompson v. Davis*, 295 F3d 890, 898 n 4 (9th Cir 2002) (addressing ADA question).

Petitioner also contends that the board's determination that he has a PSED that constitutes a danger to the health or safety of the community is not supported by substantial evidence or substantial reason. We reject that contention without further discussion.

Affirmed.