166 December 26, 2024 No. 952

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

JOHN PAUL SCHROEDER,
*Petitioner,*

*v.*

BOARD OF PAROLE AND POST-PRISON
SUPERVISION,
*Respondent.*

Board of Parole and Post-Prison Supervision;
A181206

Submitted September 24, 2024.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and John Evans, Deputy Public Defender, Oregon Public Defense Commission, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Jeff J. Payne, Assistant Attorney General, filed the brief for respondent.

Before Tookey, Presiding Judge, Kamins, Judge, and Armstrong, Senior Judge.

KAMINS, J.

Affirmed.

**KAMINS, J.**

Petitioner seeks judicial review of a final order of the Board of Parole and Post-Prison Supervision ("the board") deferring petitioner's projected parole release date for 24 months; it found that petitioner suffers from a present severe emotional disturbance ("PSED") that constitutes a danger to the health or safety of the community, so as to permit the deferral of petitioner's parole release date under ORS 144.125 (1977), *amended by* Or Laws 1981, ch 426, § 2; Or Laws 1987, ch 320, § 53; Or Laws 1989, ch 790, § 68; Or Laws 1993, ch 334, § 1; Or Laws 1999, ch 141, § 1; Or Laws 2009, ch 660, § 3. Reviewing that finding for substantial evidence and substantial reason, ORS 144.335(3); ORS 183.482(8), we affirm.

We conclude that the record provides substantial evidence for the board's finding that petitioner's emotional disturbance was severe and constituted a danger to the community. The board considered the entirety of the psychologist's report and the assessment of petitioner's risk factors. The board also considered petitioner's conduct before the board and his prevarication concerning his offense conduct. The board's order explained its decision and provided a rational connection between the facts and the legal conclusions it drew from them. *See United Academics of OSU v. OSU,* 315 Or App 348, 355-56, 502 P3d 254 (2021). As such, the board complied with its statutorily mandated requirements, and we thus reject petitioner's argument that the board's failure to do so violated the Due Process Clause of the Fourteenth Amendment.

In his final two assignments of error, petitioner contends that the board violated Title II of the Americans with Disabilities Act and the Rehabilitation Act of 1973 when it deferred petitioner's release. He acknowledges that this court rejected that argument in *Green v. Board of Parole*, 308 Or App 159, 160, 478 P3d 608 (2020), *rev den*, 368 Or 138 (2021), and provides no basis for this court to overrule *Green*.

Affirmed.