No. 1097 December 17, 2025 781

*This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).*

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

BRIAN DOUGLAS HESSEL,
*Petitioner,*

*v.*

BOARD OF PAROLE AND POST-PRISON
SUPERVISION,
*Respondent.*

Board of Parole and Post-Prison Supervision
A184331

Argued and submitted November 19, 2025.

Jedediah Peterson argued the cause for petitioner. Also on the reply brief was Weber & Associates, LLC. On the opening brief were Ryan T. O'Connor, Lindsey Burrows, and O'Connor Weber, LLC.

Carson L. Whitehead, Assistant Attorney General, argued the cause for respondent. Also on the brief were Dan Rayfield, Attorney General, and Benjamin Gutman, Solicitor General.

Benjamin Haile argued the cause for *amici curiae* Oregon Justice Resource Center and Disability Rights Oregon. Also on the briefs was Dave Boyer.

Before Tookey, Presiding Judge, Kamins, Judge, and Jacquot, Judge.

PER CURIAM

Affirmed.

**PER CURIAM**

Petitioner seeks judicial review of a final order of the Board of Parole and Post-Prison Supervision (the board) deferring petitioner's projected parole release date for 48 months; it found that petitioner suffers from a present severe emotional disturbance (PSED) that constitutes a danger to the health or safety of the community, so as to permit the deferral of petitioner's parole release date under ORS 144.125(3) (1989), *amended by* Or Laws 1993, ch 334, § 1; Or Laws 1999, ch 141, § 1; Or Laws 2009, ch 660, § 3. Reviewing that finding for substantial evidence and substantial reason, ORS 144.335(3); ORS 183.482(8), we affirm.

The record provides substantial evidence for the board's finding that petitioner's emotional disturbance was severe and constituted a danger to the community. Under the governing law at the time of petitioner's conviction, "the board may order the postponement of [a] scheduled parole release" if "a psychiatric or psychological diagnosis of [PSED] such as to constitute a danger to the health or safety of the community has been made with respect to" petitioner. ORS 144.125(3) (1989). The board was required to limit its consideration of whether petitioner has a PSED that would constitute a danger to the community to the material contained in the psychological evaluation prepared for petitioner's exit hearing. *See Peek v. Thompson*, 160 Or App 260, 266, 980 P2d 178 (1999), *rev dismissed*, 329 Or 553 (1999) (explaining requirement). That evaluation diagnosed petitioner with narcissistic personality disorder and opined that petitioner's disorder was "currently not fully controlled and has resulted in increased risk factors, and therefore contributes to his risk for violence in the community." The evaluation further noted petitioner's deficits in insight, increased hostility to women, elevated risk for sexual recidivism, and that petitioner's pathology had resulted in "functional impairment." The board's order, which relied on those facts, explained its decision and provided a rational connection between the facts it found and the result it reached from them. Although petitioner points to other sections of the report that indicate his personality disorder was less severe or less dangerous, our standard of review requires us to "defer to the board's

reasonable inferences without reweighing the evidence in the record." *Mendacino v. Board of Parole*, 287 Or App 822, 834, 404 P3d 1048 (2017), *rev den*, 362 Or 508 (2018).

Next, petitioner contends that ORS 144.125(3) (1989) violates Title II of the Americans with Disabilities Act (ADA), the Rehabilitation Act of 1973 (RA), and the Due Process Clause of the Fourteenth Amendment by impermissibly discriminating against people with disabilities. He acknowledges that this court has already upheld ADA and RA challenges to ORS 144.125 in *Green v. Board of Parole*, 308 Or App 159, 160, 478 P3d 608 (2020), *rev den*, 368 Or 138 (2021), *Grimm v. Board of Parole*, 258 Or App 595, 598, 310 P3d 736 (2013), *rev den*, 354 Or 699 (2014), and *McCline v. Board of Parole*, 205 Or App 144, 148, 133 P3d 349, *rev den*, 342 Or 46 (2006), but argues that those cases either did not address the same issue or, if they did, are plainly wrong. We disagree.

Petitioner raises a functionally equivalent argument to one we considered in *Green*, 308 Or App at 160. In that case, the petitioner argued that his PSED constituted a disability and when the board deferred his release date under ORS 144.125(3) due to his disability, it violated the ADA and the RA. The petitioner's argument in *Green* rested on the fact that the statutory scheme, under his view, "permits the board to delay the release only of dangerous inmates *who have an emotional disorder. The emotional disorder is a prerequisite to the board's consideration of whether the statutory criteria * * * have been met.*" Petitioner's Opening Brief at 22, *Green v. Board of Parole*, 308 Or App 159, 160, 478 P3d 608 (2020), *rev den*, 368 Or 138 (2021) (CA A169884) (emphasis in original; internal quotation marks omitted). That emotional disorder—in the petitioner's view, a disability under the ADA and RA—was the reason for petitioner's deferred release. *Id.* We disagreed, observing that the petitioner's arguments "ran contrary" to our prior decisions in *Grimm* and *McCline*, and that petitioner had not satisfied the burden to show that those cases were "plainly wrong." *Green*, 308 Or App at 160. More recently, we twice rejected similar ADA and RA challenges to ORS 144.125, noting that the petitioner "provide[d] no basis for this court to overrule

*Green.*" *Schroeder v. Board of Parole*, 337 Or App 166 (2024), *rev den*, 373 Or 736 (2025) (nonprecedential memorandum opinion); *Schroeder v. Board of Parole*, 308 Or App 659, 479 P3d 628, *rev den*, 368 Or 511 (2021).

Moreover, as we explained in *Grimm*, nothing in the ADA "suggest[s] that the board is obliged to release a dangerous inmate into the community simply because the dangerousness is related to, or the result of, a disability." 258 Or App at 598. In other words, while a disability cannot be the basis to defer release, dangerousness—even dangerousness that results from a disability—can. *See id.* (agreeing with the board's reasoning "indicating that its deferral of petitioner's parole consideration date was based on his dangerousness, not on his condition or disorder" (internal quotation marks and brackets omitted). Similarly, in *McCline*, we held that the language of ORS 144.125(3), which granted the board *discretion* to defer release based on dangerousness as a result of a PSED, did not violate a prohibition on deferring release on the basis of PSED, because the board considered "all relevant facts" in assessing dangerousness:

> "If after consideration of all relevant facts, including a psychiatric or psychological report, the Board determines that the prisoner will be a danger to the health or safety of the community, it may postpone or deny parole. But the Board may not deny release on parole solely because of a prisoner's severe emotional disturbance."

205 Or App at 148 (internal quotation marks omitted). Although petitioner here argues that only individuals with disabilities are considered at that stage of the board's analysis, nothing has changed in the intervening years since *Green* or *McCline* to demonstrate that the board is basing its decision on disability, as opposed to dangerousness. And given that we recently affirmed *Green* and *McCline*, petitioner has not overcome "the prudential principles that undergird *stare decisis*, as well as practical institutional considerations" to convince us that those cases are "plainly wrong" and should be overruled. *State v. Civil*, 283 Or App 395, 415-16, 388 P3d 1185 (2017); *see also id.* ("Such revisiting of statutory construction precedent, while necessarily quite rare, usually occurs * * * when we are presented with a

qualitatively new, potentially dispositive contention not pre-viously raised and addressed."). Petitioner's remaining due process argument is undeveloped, and we decline to address it here.

Affirmed.