No. 1165 December 31, 2025 359

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

TYRONE EARL WALTON,
*Petitioner,*

*v.*

BOARD OF PAROLE AND POST-PRISON
SUPERVISION,
*Respondent.*
A183403

Submitted August 20, 2025.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Rond Chananudech, Deputy Public Defender, Oregon Public Defense Commission, filed the brief for petitioner. Tyrone Earl Walton filed the supplemental brief *pro se*.

Dan Rayfield, Attorney General, Benjamin Gutman, Solicitor General, and Joanna L. Jenkins, Assistant Attorney General, filed the brief for respondent.

Before Ortega, Presiding Judge, Joyce, Judge, and Hellman, Judge.

HELLMAN, J.

Affirmed.

**HELLMAN, J.**

Petitioner, who was convicted of aggravated murder, seeks review of a final order of the Board of Parole and Post-Prison Supervision (board) denying his request to convert his life sentence to a life sentence with the possibility of parole. In his first counseled assignment of error, petitioner argues that the board erred when it found that he was not likely to be rehabilitated within a reasonable amount of time. Among other arguments, petitioner contends that the board's final order lacks substantial evidence and substantial reason. In a second *pro se* assignment of error, petitioner argues that the board violated his substantive due process rights by not holding a parole hearing and releasing him in 2011. For the following reasons, we affirm.

A detailed recitation of the facts in this case would not benefit the bench, the bar, or the public, and we state only those facts necessary to explain our decision. In 1987, petitioner shot and killed a convenience store clerk while carrying out a robbery. He was convicted of aggravated murder and is currently serving a life sentence. In 2023, the board held an aggravated murder review hearing to determine whether the terms of petitioner's confinement should be changed to life imprisonment with the possibility of parole. ORS 163.105(2) - (3). The board concluded that petitioner did not satisfy his burden to prove, by a preponderance of the evidence, that he is "likely to be rehabilitated within a reasonable period of time." ORS 163.105(2). In rendering its decision, the board considered the nonexclusive criteria set out in OAR 255-032-0020:

"(1)  The inmate's involvement in correctional treatment, medical care, educational, vocational or other training in the institution which will substantially enhance his/her capacity to lead a law-abiding life when released;

"(2)  The inmate's institutional employment history;

"(3)  The inmate's institutional disciplinary conduct;

"(4)  The inmate's maturity, stability, demonstrated responsibility, and any apparent development in the inmate personality which may promote or hinder conformity to law;

"(5)   The inmate's past use of narcotics or other dangerous drugs, or past habitual and excessive use of alcoholic liquor;

"(6)   The inmate's prior criminal history, including the nature and circumstances of previous offenses;

"(7)   The inmate's conduct during any previous period of probation or parole;

"(8)   The inmate does/does not have a mental or emotional disturbance, deficiency, condition or disorder predisposing them to the commission of a crime to a degree rendering them a danger to the health and safety of the community;

"(9)   The adequacy of the inmate's parole plan including community support from family, friends, treatment providers, and others in the community; type of residence, neighborhood or community in which the inmate plans to live;

"(10)   There is a reasonable probability that the inmate will remain in the community without violating the law, and there is substantial likelihood that the inmate will conform to the conditions of parole."

The board determined that one factor weighed in favor of petitioner and two factors were neutral. However, the board found that seven factors—the first, third, fourth, fifth, sixth, seventh, and tenth factors—weighed "so heavily" against petitioner that the board could not find that petitioner had met his burden. Petitioner timely sought administrative review and was denied relief. Petitioner now seeks judicial review.

"We review a final order of the board for legal error, substantial evidence, and substantial reason." *Guzek v. Board of Parole*, 325 Or App 795, 796, 530 P3d 510, *rev den*, 371 Or 476 (2023). When reviewing the board's order, "we examine the record to determine if there was substantial evidence for a reasonable person to conclude that petitioner did not meet his burden" of proving he could be rehabilitated within a reasonable period of time. *Dixon v. Board of Parole and Post-Prison Supervision*, 257 Or App 273, 279, 306 P3d 716, *rev den*, 354 Or 389 (2013); *see also* ORS 183.482(8)(c). We are required to "consider both the evidence that supports and detracts from the board's findings," *Mendacino v. Board of Parole*, 287 Or

App 822, 834, 404 P3d 1048 (2017), *rev den*, 362 Or 508 (2018), but we may not "reweigh or [] assess the credibility of the evidence," *Murphy v. Board of Parole*, 241 Or App 177, 184, 250 P3d 13, *rev den*, 350 Or 571 (2011). Substantial reason is satisfied where "the board identifie[s] the particular facts and the particular criteria on which it relied in support of its conclusion." *Dixon*, 257 Or App at 287-88.

Petitioner argues that substantial evidence does not support the board's findings that the first and fourth factors, which concern his engagement in treatment and education as well as personal development, weighed against him. In so arguing, petitioner points to evidence of his "educational and vocational classes, self-study, certifications of completion/achievement he received prior to 2020." Petitioner moreover contends that the record demonstrates his maturity, empathy, and responsibility, based on, for example, his sobriety, apology to the victim's family members, and acknowledgement that his criminal behavior "stemmed from" his substance abuse.

To be sure, petitioner's listed accomplishments bear favorably on his rehabilitation capacity. Nevertheless, the board was entitled to attach significant weight to petitioner's lack of engagement in educational opportunities specifically addressing his criminal conduct and violent behavior. For example, despite his past violence toward intimate partners, petitioner testified that he has not engaged in any programming or self-study around domestic violence. He also struggled to describe skills or tools that he has developed to manage his anger. Further, petitioner's attempts to attribute his prior violence and angry outbursts solely to his substance use is undercut by the disciplinary infractions that he has amassed while incarcerated, during which time he has maintained his sobriety. Thus, because "a reasonable person *could* make the same finding[s] that the board made," we conclude that substantial evidence supports the board's determination that the first and fourth factors weighed against petitioner. *Dixon*, 257 Or App at 282 (emphasis in original).

Related to the third factor concerning petitioner's institutional disciplinary record, petitioner argues that the

board, first, "ignored the circumstances" of his two most recent disciplinary referrals and, second, "downplayed" the "significant drop" in his referrals since his last review hearing. At the hearing, the board questioned petitioner about his two recent referrals, including the 2020 infraction for assaulting another adult in custody. Petitioner's testimony contradicted the official report and video footage and minimized his role in injuring the other adult. Moreover, the board was entitled to weigh the recent decrease in referrals as it saw fit alongside evidence indicating petitioner's tendency to "downplay the seriousness" of his violent conduct and his continued "willingness to engage in violence." Based on the record as a whole, a reasonable person could conclude that the third factor weighed against petitioner.

Petitioner also challenges the board's findings on the fifth factor concerning his substance use, raising three arguments. First, petitioner argues that the board's finding that the fifth factor weighed against a "likely to be rehabilitated" determination lacks substantial evidence because he has been sober for over 30 years and has regularly attended Alcoholics Anonymous/Narcotics Anonymous (AA/NA) meetings.

But notwithstanding his *current* sobriety, OAR 255-032-0020(5) expressly authorizes the board to consider petitioner's "*past* use of narcotics or other dangerous drugs." (Emphasis added.) Because the parties agree that petitioner's prior substance use directly impacted his prior violent crimes, it is reasonable for the board to consider his addiction "a priority for Petitioner to address." And although petitioner acknowledged that addiction "never goes away completely" at the hearing, he had difficulty identifying relapse triggers and instead simply asserted that he would not relapse. We conclude that there is substantial evidence that supports the board's determination that petitioner has a "limited understanding" of his substance use, such that the fifth factor weighed against him.

Second, petitioner argues that the board violated the Establishment Clause of the First Amendment to the United States Constitution by requiring him to become "intimately familiar" with the AA/NA curriculum's "religious

component." We agree with the board that petitioner neither preserved nor exhausted his administrative remedies. *See Putnam v. Board of Parole*, 290 Or App 436, 438, 417 P3d 524, *rev den*, 363 Or 224 (2018) ("The preservation requirements established in ORAP 5.45(1) apply to review of a board's final order."); *Ayres v. Board of Parole*, 194 Or App 429, 435-36, 97 P3d 1 (2004) ("[T]he party must present the particular challenges it intends to raise on judicial review first to the administrative body whose review must be exhausted."). And because petitioner has not requested that we exercise our discretion to review for plain error, we do not address the merits of his Establishment Clause claim. *See State v. Ardizzone*, 270 Or App 666, 673, 349 P3d 597, *rev den*, 358 Or 145 (2015) ("[W]e ordinarily will not proceed to the question of plain error unless an appellant has explicitly asked us to do so[.]").

Third, petitioner argues that the board violated Title II of the Americans with Disabilities Act (ADA) and the Rehabilitation Act of 1973 by denying parole eligibility "based on" his purported disability of substance addiction. To the extent that petitioner's past substance use constitutes a disability, the board undertook an individualized assessment and permissibly considered his prior substance use, which petitioner does not dispute "directly related" to his crimes. *See Thompson v. Davis*, 295 F3d 890, 894 n 4 (9th Cir 2002), *cert den*, 538 US 921 (2003) (explaining that the ADA does not categorically prohibit a parole board from considering a disability and that a board has a "legitimate penological interest" in considering a petitioner's substance use when undertaking an "individualized inquiry for parole suitability"); *Grimm v. Board of Parole*, 258 Or App 595, 598, 310 P3d 736 (2013), *rev den*, 354 Or 699 (2014) (observing that the petitioner identified "nothing in *** the ADA *** or case law *** that would suggest that the board is obliged to release a dangerous inmate into the community simply because the dangerousness is related to, or the result of, a disability"); *see also Green v. Board of Parole*, 308 Or App 159, 160, 478 P3d 608 (2020) (noting that *Grimm* is "in harmony with the Ninth Circuit's view" set forth in *Thompson*); *Ulrich v. Senior and Disabled Services Div.*, 164 Or App 50, 56, 989 P2d 48 (1999) (clarifying that "[t]he analysis under

the Rehabilitation Act is similar to that under Title II of the ADA").[1]

We also reject petitioner's argument that the final order lacks substantial reason. Throughout the final order, the board cites the particular facts, testimony, and criteria that support its determination that petitioner is not likely to be rehabilitated within a reasonable period of time. Nor does the evidence here weigh overwhelmingly in petitioner's favor. *See Castro v. Board of Parole*, 232 Or App 75, 84, 220 P3d 772 (2009) (noting that substantial reason "does not exist when the credible evidence apparently weighs overwhelmingly in favor of one finding and the board finds the other without giving a persuasive explanation" (internal quotation marks omitted)).

Our conclusion that the board's final order is supported by substantial evidence and substantial reason forecloses petitioner's argument that the order violated his procedural due process rights secured by the Fourteenth Amendment to the United States Constitution.

In his single *pro se* assignment of error, petitioner argues that the board violated his federal substantive due process rights by delaying his first parole hearing until 2012. His argument is based on the erroneous belief that in 1989, the board set his initial parole release date in 2011. However, the board action forms issued in 1988, 1989, and 1993 indicate that the board consistently denied petitioner parole.[2] Because the board *never* set a parole release date, he was not entitled to a parole hearing or release prior to 2012.

Affirmed.

---

[1] Petitioner also argues that the board's tenth factor finding lacks substantial evidence because it is based on "an amalgam of the other factors" contested on appeal. Because we conclude that the other factors are supported by substantial evidence, petitioner's argument fails.

[2] In 1988, the board held the parole hearing required by ORS 144.120 (1987) and as permitted by that statute, denied petitioner parole based on his "particularly violent and otherwise dangerous criminal conduct."